UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID THOMAS,      Case No. 1:13-cv-0053
    Plaintiff,      Spiegel, J.
     Litkovitz, M.J.

vs.

GARY STILTNER, et al.,      **ORDER**
    Defendants.

This matter is before the Court on defendant Gary Stiltner's Motion for Leave to File Answer to Complaint *Instanter* (Doc. 17), which is unopposed, and defendant Stiltner's Motion to Set Aside Default Entry by Clerk (Doc. 18),[1] plaintiff's memorandum in opposition (Doc. 20), and defendant's reply in support of the motion (Doc. 22).

**I. Background**

Plaintiff filed this civil rights action on January 26, 2013, against defendants Francis Edward Duduit, Tracie Lujan and Gary Stiltner, who at all relevant times were employees of the Ohio Department of Youth Services ("ODYS") employed at the Ohio River Valley Juvenile Correctional Facility ("ORVJCF"). (Doc. 1). The complaint alleges that defendants failed to protect plaintiff from a stabbing attack by another inmate while plaintiff was in the custody of ODYS at the ORVJCF. Defendants Duduit and Lujan filed their answer on April 26, 2013. (Doc. 2). Summons was issued as to defendant Stiltner on May 24, 2013. (Doc. 4). Plaintiff thereafter

---

[1] Default judgment has not been entered against defendant Stiltner.

sought an extension of time to serve defendant Stiltner (Doc. 5), which was granted by the Court. (Doc. 6). Summons was personally served on Stiltner on May 26, 2013, making his answer due on June 17, 2013. (Doc. 8). Defendant Stiltner did not timely file an answer, and on December 13, 2013, plaintiff filed a request for entry of default by the Clerk against defendant Stiltner. (Doc. 12). The Clerk entered defendant Stiltner's default on December 16, 2013. (Doc. 13). On December 18, 2013, defendant filed his motion for leave to file an answer to the complaint *instanter* (Doc. 17) and motion to set aside the entry of default (Doc. 18). Defendant filed the motions through his counsel, the Ohio Attorney General's Office, who entered an appearance for defendant Stiltner on that same date. (Doc. 15).

**II. Motion to set aside entry of default**

    **A. The applicable law**

Pursuant to Rule 55(a), if a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The court may set aside an entry of default for good cause. . . ." Fed. R. Civ. P. 55(c). The court examines three factors to determine whether good cause exists for setting aside an entry of default. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2011). These are: (1) whether the default was willful, (2) whether setting aside the entry of default would prejudice plaintiff, and (3) whether the alleged defense is meritorious. *Id.* (citing *United Coin Meter Co. v. Seaboard Coastline Railroad,* 705 F.2d 839, 844 (6th Cir. 1983)). Any doubt should be resolved in favor of the motion to set aside the entry of default "so that cases may be decided on their merits." *United Coin Meter,* 705 F.2d at 846 (internal quotation marks omitted).

"To be treated as culpable, the conduct of a defendant must display either an intent to

thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Dassault Systemes, SA*, 663 F.3d at 841 (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir. 1986)). As to the second prong, the relevant inquiry focuses on the future prejudice that will result from setting aside the entry of default, not prejudice that has already resulted from the defendant's conduct. *Id.* at 842 (citing *Berthelsen v. Kane,* 907 F.2d 617, 620-21 (6th Cir. 1990)). Delay, in and of itself, is not a sufficient basis for establishing prejudice. *Id.* at 842 (citing *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.,* 815 F.2d 391, 398 (6th Cir. 1987)) (internal quotation marks omitted). Instead, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (quoting *INVST Fin. Group,* 815 F.2d at 398 (internal quotation marks omitted)). Nor do increased litigation costs generally support an entry of default. *Id.* (citing *U.S. v. $22,050 Currency,* 595 F.3d 318, 325 (6th Cir. 2010)). Finally, a defense is "meritorious" so as to satisfy the third element if the defense is "good at law." *Id.* at 843 (citing *$22,050,* 595 F.3d at 326) (quoting *Williams v. Meyer,* 346 F.3d 607, 614 (6th Cir. 2003)). The test is not whether a defense is likely to succeed on the merits; rather, the test is whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* (citing *$22,050,* 595 F.3d at 326) (quoting *Burrell v. Henderson,* 434 F.3d 826, 834 (6th Cir. 2006)).

### B. The parties' positions

Defendant Stiltner moves the Court to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c). Defendant alleges that default was improperly entered pursuant to Fed. R. Civ. P. 55(a), and that the requirements for entry of a default judgment are not satisfied here.

First, counsel for defendants, the Ohio Attorney General's Office, contends that defendant Stiltner has not engaged in any culpable conduct with respect to his failure to timely file an answer. (Doc. 18). Instead, counsel accepts full responsibility for defendant's failure to timely file an answer. Counsel states that while defendants Lujan and Duduit waived service of the complaint and timely filed their answers on April 26, 2013, defendant Stiltner was no longer employed by ODYS and his address was unknown when the summons was issued to him. (*Id*. at 2). Counsel acknowledges, however, that the summons was subsequently executed on Stiltner on May 26, 2013. (*Id*. at 3). Counsel states that defendant's failure to timely file an answer by June 17, 2013, was due solely to an oversight by counsel and clerical error. (*Id*. at 2-4). Counsel asserts that defendant received the complaint in mid-August 2013, after which he requested representation from the Attorney General's Office by completing a "Request for Representation" form on August 27, 2013. (Id. at 4; Exh. A). Counsel states that the request failed to prompt the Attorney General Office's filing system to generate and calendar an answer date as it should have. (Id. at 4). Defendant further contends that plaintiff has not been prejudiced by the mere delay caused by defendant Stiltner's failure to timely file an answer, and defendant has a facially meritorious defense. (*Id*. at 5-6).

In response, plaintiff alleges that defendant Stiltner's failure to take any action in this lawsuit for at least three months after having been personally served with the complaint cannot constitute "good cause" for setting aside the entry of default. (Doc. 21 at 2). Plaintiff challenges counsel's representation that defendant Stiltner's failure to plead or otherwise defend this lawsuit was due to attorney oversight and clerical error. (*Id*. at 1-2). Plaintiff contends that Stiltner's omissions cannot be attributed to counsel because there is no indication in the record that the

4

Ohio Attorney General's Office represented plaintiff prior to December 18, 2013. (*Id.* at 1). In fact, plaintiff contends that Stiltner did not even request representation from the Ohio Attorney General until mid-August 2013, which was two months after his answer was due and after he was already in default. (*Id.* at 1-2).

In reply, defendant asserts that plaintiff has not shown he will be prejudiced by any delay in resolving this case which may result from setting aside the entry of default, particularly given that the case is still in the discovery stage. (Doc. 22 at 2-3). In addition, defendant contends that plaintiff has not addressed whether defendant has a meritorious defense. (*Id.* at 3).

**C. The entry of default should be set aside.**

Applying the governing law to the facts of this case, the Court finds that the entry of default should be set aside. The first factor weighs in defendant Stiltner's favor because there is no indication in the record that his default was willful. Defendant's conduct does not "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *See Dassault Systemes, SA*, 663 F.3d at 841 (quoting *Shepard Claims Serv., Inc.*, 796 F.2d at 194). Rather, the record indicates that the delay in filing an answer was the result of inadvertence and mistake on counsel's part rather than defendant's intentional disregard of the court proceedings. Stiltner's request for representation in August 2013 shows an intent to defend the claims against him. (*See* Doc. 18, Exh. A). Furthermore, defendant filed his motion to set aside the entry of default and his motion for leave to file an answer *instanter* within a matter of days after the default was entered. This quick action by defendant indicates that he was not intentionally disrespectful of the court proceedings. *Id.* at 839 (fact that the defendant filed motion to set aside entry of default judgment within "a reasonable time" after the district

5

court entered its order weighed against the district court's finding that the defendant was "intentionally disrespectful of the court proceedings.") (citing *Shepard Claims Serv.,* 796 F.2d at 194). Considering the facts in the light most favorable to defendant as required by Sixth Circuit precedent (*id.*), the willfulness factor weighs in favor of setting aside the entry of default.

The second factor likewise weighs in favor of setting aside the entry of default. Plaintiff does not allege that he will be prejudiced in any manner by a delay of these proceedings resulting from a set-aside of the entry of default. Plaintiff does not assert that any delay will result in the loss of evidence or increased difficulty in conducting discovery, or that it will have any other detrimental impact on his case. Moreover, it is not apparent from the record that prejudice will result from setting aside the default entry. The trial date has not been set in this matter and the parties have twice agreed to extend the discovery deadline, which has not yet expired. (See Docs. 10, 25). Plaintiff can seek an extension of time, if needed, from the district judge to conduct any additional discovery necessitated by setting aside the entry of default. Thus, the second factor weighs in favor of setting aside the entry of default.

The third factor - whether defendant has a meritorious defense - likewise weighs in favor of setting aside the entry of default. Plaintiff's claims against defendant Stiltner are premised on Stiltner's failure to conduct a search of the room of the individual who attacked plaintiff, and of the unit where plaintiff and the individual were housed, either on September 4, 2009 (the day before the attack) or on September 5, 2009 (the day of the attack). (Doc. 1, ¶¶ 13-22). Stiltner alleges as his defense that he was not present at ODYS on the date of the attack. (Doc. 18 at 6). Defendant also appears to allege that on the day before the attack, he reported receiving from the attacker two pieces of metal which presumably could have been used as a weapon; defendant

reported this to Operations Management; and defendant followed the instructions he received after making his report. (Doc. 18 at 6). These asserted defenses appear to meet the relatively lenient "good at law" standard, *see Dassault Systemes, SA,* 663 F.3d at 843, and plaintiff does not argue otherwise.

Thus, after weighing the *United Coin Meter* factors, the Court finds that the balance tips in favor of setting aside the entry of default. There is no evidence that defendant Stiltner displayed a willful disregard of court proceedings. Furthermore, even if defendant Stiltner were in some sense culpable concerning failing to answer the complaint in a timely manner, this alone would not be a sufficient basis for declining to set aside the entry of default. As set forth above, a defendant's culpability is only one of three factors to be considered by the Court when determining whether good cause exists to set aside the entry of default, and the other two factors weigh in favor of setting aside the entry of default in this case. Specifically, plaintiff has not shown that he will be prejudiced in any sense by the reopening of this case, and defendant has met his burden of demonstrating a possibly meritorious defense to the suit. For these reasons, the entry of default should be set aside. *See Berthelsen*, 907 F.2d at 622 (notwithstanding the defendant's culpable behavior, the court concluded that the entry of default and default judgment must be set aside because the plaintiff had not demonstrated he would be prejudiced by the reopening of the case and the defendant had shown he had a meritorious defense to the suit). *See also Waifersong, Ltd., Inc. v. Classic Music Vending,* 976 F.2d 290, 293 (6th Cir. 1992) (stating that where "defendants came perilously close to articulating the existence of a meritorious defense . . . and demonstrating the absence of substantial prejudice to plaintiffs, . . . it would require particularly culpable conduct by the defendants to outweigh those two factors and tip the balance

toward denial of relief").

### III. Motion for leave to file answer instanter

For the reasons stated in support of the Court's finding that the entry of default should be set aside, the Court will grant defendant Stiltner's motion for leave to file an answer *instanter*.

### IV. Conclusion

It is therefore ORDERED that defendant Stiltner's Motion to Set Aside Default Entry by Clerk (Doc. 18) is GRANTED. The Clerk is DIRECTED to vacate the entry of default. (Doc. 13).

It is further ORDERED that defendant Stiltner's Motion for leave to File Answer to Complaint *Instanter* (Doc. 17) is GRANTED. The Clerk is DIRECTED to file the answer attached to the motion (Doc. 17-2).

**IT IS SO ORDERED.**

Date: 2/19/14

Karen L. Litkovitz
United States Magistrate Judge